IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WHITPAIN TOWNSHIP,**<br><br>*Plaintiff*<br><br>v.<br><br>**SCOTT TESTA,**<br><br>*Defendant* | **Civil No. 25-521** |
| **SCOTT TESTA,**<br><br>*Third-Party Plaintiff*<br><br>v.<br><br>**POLICE CHIEF KENNETH LAWSON and DETECTIVE SERGEANT THOMAS WITTIG,**<br><br>*Third-Party Defendant* | |

## ORDER

**AND NOW**, this 20th day of February, 2025, upon consideration of Defendant's letter in response to the Order to Show Cause (ECF No. 7), it is hereby **ORDERED** that this case is **REMANDED** to the Montgomery County Court of Common Pleas.[1]

---

[1] If it appears at any time after removal that the Court lacks subject matter jurisdiction, the Court must remand the case. 28 U.S.C. § 1447(c). Here, Plaintiff's Complaint lacks any basis for Federal subject matter jurisdiction. *Maglioli v. Alliance HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Because there is no subject matter jurisdiction for Plaintiff's Complaint, the Court cannot consider the parties' request to remand the original Complaint and allow the third-party Complaint to proceed in this Court. The removal statute addresses removal and remand of civil actions in their entirety. *See*

BY THE COURT:

_____
MARY KAY COSTELLO, J.

---

*Home Depot U.S.A., Inc. v. Jackson,* 587 U.S. 435, 440-42 (2019).  Therefore, this entire case will be remanded, and this case will be closed.